Lena M. Bryson
vs.          } No. 19447
Robert Bryson

February 12, 1926

BAKER, J.    Divorce.    Heard on original petition and motion in the nature of a cross petition.

The ground alleged in the original petition is that the respondent neglected and refused to provide the necessaries of life for the petitioner for more than one year prior to the date of the filing of the petition, which was October 20, 1925.

The testimony in the case showed that the parties, who had been married for some time and who had one daughter about 12 years of age, separated on the 13th of September, 1924. The respondent is employed by the street railway company as the operator of a car, working chiefly in the City of Pawtucket. It is admitted that he has done practically nothing for the support of the petitioner since the date of separation. He claims that he was justified in this course and the petitioner urges, on the other hand, that his actions in this connection have given her a ground for divorce.

It appears from the evidence that at the time of the separation boarders were living in the house with the parties. The respondent objected frequently to his wife about this arrangebut apparently never himself made any attempt to eject these boarders.

The petitioner claims that the respondent left her voluntarily. The respondent, however, contends that before leaving the house he attempted to persuade his wife to live with him at some point nearer to his work

in the City of Pawtucket, but that his wife refused to move. He also claims that he insisted that the petitioner cease having boarders in the house and that the petitioner refused to accede to this request, and that she said he could leave if he wished to; that if he went to Pawtucket he would go alone. He further claims that she said if he would take care of the child she would work and support herself; that she also said if he left, someone was waiting for his room. She denied making these statements.

He contends that taking all the facts into consideration, he was justified in leaving at the time he did.

It further appears that since the separation he has sent to his wife each week $7, $6 for the support of the child and $1 for her pocket money, and that the petitioner has sent him receipts for this sum. Since the separation she has made no demands on him for support. In addition he has paid a fairly sizable dentist's bill for the child and has also purchased some clothing for her. The petitioner has made no attempt at reconciliation since the separation.

A careful consideration of all the testimony bearing upon the allegations of the original petition leads the Court to believe that the petitioner has not proved her case by a fair preponderance of the evidence. The testimony as presented and the actions of the parties following the separation, in the judgment of the Court, show clearly that if there was no definite understanding or agreement between the parties in regard to the separation and the support of the petitioner, at least there was an understanding that if the respondent looked after the support of the daughter, his wife would not call upon him for her own support. Under these circumstances, in the opinion of the Court, she can not now ask for

a divorce upon the ground alleged in her petition.

In the respondent's motion in the nature of a cross-petition, the allegations are wilful desertion and extreme cruelty, the latter being chiefly relied on and the former not being urged.

The respondent contends that the petitioner was guilty of extreme cruelty toward him in that she neglected him, did not look after his comfort properly, showed no affection for or interest in him, broke up the privacy of the home by having boarders in the house, and refused to have marital relations with him.

In regard to the latter claim, it appears from the evidence that the petitioner, in the latter part of the year 1920 or early in 1921, was quite ill; that since then she has suffered somewhat from heart trouble and also from an infected throat, which is still persisting. She claims that at that time her physician advised her to occupy a separate room so that there might be no danger of any infection and that she has continued to do so since. She denies that there have been no marital relations since early in 1921 and says that there have been, and also denies that she has refused such relations to her husband. She also claims that since said illness her physical condition has been such that it has frequently been impossible for her to resume marital relations with her husband. She appeared on the stand, to the Court, as an extremely nervous and rather frail woman. From the testimony it would appear that this question in regard to marital relations was not very seriously urged by the respondent as a ground of difficulty between himself and his wife until after the present proceeding was started.

Taking all the testimony in the case into consideration on this point, even though the physician did not testify, the Court is inclined to believe that the petitioner's position in this matter has considerable justification and that while, undoubtedly, the parties have been occupying separate rooms, under all the circumstances of the case the petitioner, because of her physical condition, was justified in this regard.

In connection with the other matters alleged by the respondent, he contends that by reason of the boarders in his house, who were there at the instance of the petitioner, he had no privacy in his home; that young people gathered there frequently and were noisy; that it was necessary for him to sleep in the day time because he worked at night, and that he was often awakened early in the morning when his wife got breakfast for the boarders, and that his wife lost all interest in him and in the life of the home and gave all her attention to the other inmates of the house and to their friends. No impropriety of any kind on her part is claimed. The respondent contends that this course of conduct affected his health.

The testimony in this connection is not very satisfying. Apparently respondent worked steadily, and while undoubtedly he was worried and perhaps nervous over what he believed to be his domestic difficulties, at the same time the Court can not find that his health was seriously affected.

An examination of the evidence relating to this phase of the case, in the opinion of the Court, fails to show that the petitioner has been guilty of extreme cruelty toward the respondent within the meaning of that term as used by the divorce statute. The Court finds, therefore, that the respondent in his cross petition has failed to prove the allegations of that petition by a fair preponderance of the testimony.

The evidence in this case shows quite clearly that the parties have

grown apart from each other and no longer have the same interests in common. They are doubtless more or less incompatible, but this is not a cause for divorce.

The original petition and the motion in the nature of a cross-petition are both denied and dismissed.

For Petitioner: Frank H. Hammill.

For Respondent: Stephen D. Paddock.